UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

MARIO JACKSON,

       Defendant.
_____/

Case No. 16-20460
Hon. Mark A. Goldsmith

## OPINION & ORDER
## DENYING DEFENDANT MARIO JACKSON'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 1306) WITHOUT PREJUDICE

This matter is before the Court on Mario Jackson's motion for compassionate release (Dkt. 1306). Because Jackson has not exhausted his administrative remedies, his motion must be denied without prejudice.

Jackson seeks compassionate release under the First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194. The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences, United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Generally, federal courts cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Before seeking compassionate release from federal courts, however, prisoners must "fully exhaust[ ] all administrative rights" or else they must wait for 30 days after the warden's "receipt of [their] request." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit recently held, among other things, that there are no statutory exceptions to this exhaustion requirement. United States v. Alam, 960 F.3d 831, 835-836 (6th Cir. 2020). When faced with an unexhausted motion for compassionate release, district courts must dismiss the motion without prejudice. See id. at 836 ("If (rather than dismissing) we sat on untimely compassionate release motions until the 30-day window ran its course, we could end up reviewing stale motions.").

Jackson has not fully exhausted his remedies. Jackson attached to his motion a request for release form dated June 20, 2020. See Mot. at 2. The Government represents that the Bureau of Prisons has no record of Jackson submitting the form for release to the warden. Resp. at 2. Jackson did not file a reply brief addressing the Government's representation. But even assuming that Jackson did submit his request form to the warden, Jackson did not wait 30 days before filing his motion. Jackson filed his motion on July 17, 2020. Therefore, Jackson's motion is premature. In light of the Sixth Circuit's clear instruction exhaustion, Jackson's motion (Dkt. 1306) must be dismissed without prejudice.

SO ORDERED.

Dated: October 26, 2020  s/Mark A. Goldsmith
    Detroit, Michigan  MARK A. GOLDSMITH
    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2020.

    s/Karri Sandusky
    Case Manager